UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY R. HOSKINS,

           Plaintiff,

     v.

J. FOX, et al.,

           Defendants.

Case No. 16-cv-05656-WHO (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff Anthony Hoskins filed this federal civil rights action under 42 U.S.C. § 1983 against his jailors at Salinas Valley State Prison. After reviewing his amended complaint under 28 U.S.C. § 1915A(a), I conclude that Hoskins fails to state any claim for relief. The complaint is DISMISSED.

## DISCUSSION

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

1  from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.

2  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

3      A "complaint must contain sufficient factual matter, accepted as true, to 'state a

4  claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

5  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

6  plausibility when the plaintiff pleads factual content that allows the court to draw the

7  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

8  *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal

9  conclusions cast in the form of factual allegations if those conclusions cannot reasonably

10  be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55

11  (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

12  essential elements:  (1) that a right secured by the Constitution or laws of the United States

13  was violated, and (2) that the alleged violation was committed by a person acting under the

14  color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

15  **B.**  **Legal Claims**

16      Hoskins seeks back pay and other forms of relief related to his employment at

17  Salinas Valley State Prison.  He filed an original and, after dismissal with leave to amend,

18  an amended complaint.

19      **1.**  **Original Complaint**

20      The original complaint, which contained allegations regarding back pay and

21  harassment, was dismissed because Hoskins's allegations failed to state any claim for

22  relief.  His back pay allegations failed because there is no constitutional right to a job in a

23  prison, *Hoptowit v. Ray*, 682 F.2d 1237, 1254-1255 (9th Cir. 1982) (abrogated on other

24  grounds by *Sandin v. O'Connor*, 515 U.S. 472 (1995)), and prisoners have no right to be

25  paid for their work, *Serra v. Lappin*, 600 F.3d 1191, 1196 (9th Cir. 2010) (citing *Piatt v.

26  MacDougall*, 773 F.2d 1032, 1035 (9th Cir. 1985).  Hoskins's harassment allegations

27  failed because they were conclusory and did not attach any liability to any defendant.

28  Hoskins was given leave to amend.

### 2. Amended Complaint

The amended complaint similarly fails to state a claim. Again, the allegations are conclusory and fail to attach liability to any defendant. The topics of back pay and employment are mentioned, though not in any form that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, claims arising from prison employment are not actionable in federal court, as noted in the prior dismissal order. Any such claims must be pursued in state, not federal, court. "Whatever liberty or property interests inhere in prison employment are the product of state law." *Lyon v. Farrier*, 727 F.2d 766, 769 (8th Cir. 1984).

## CONCLUSION

This federal civil rights suit is DISMISSED without prejudice to Hoskins pursuing his claims in state court.

The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** January 19, 2018



WILLIAM H. ORRICK
United States District Judge